## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Charles Ivy on behalf of himself and all others similarly situated, | ) ) ) |
| | ) CLASS ACTION 6:17-CV-221-ORL |
| Plaintiff, | ) |
| | ) 31-GJK |
| v. | ) CASE NO. |
| | ) |
| Central Florida Regional Hospital, Inc., Transworld Systems, Inc., | ) ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S CLASS ACTION COMPLAINT FOR VIOLATING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 AND FOR OTHER RELIEF

**NOW COMES**, the Plaintiff Charles Ivy (hereinafter "Plaintiff"), by and through the undersigned counsel and files this Class Action Complaint against Defendants Central Florida Regional Hospital, Inc. and Transworld Systems, Inc. respectfully showing the Court as follows:

### INTRODUCTION

1.

Plaintiff brings this action to remedy Defendant's unlawful business practices in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. (hereinafter "TCPA") by calling his cellular telephone numbers utilizing an automated telephone dialing system within the past 4 years

without his prior permission nor for emergency purposes. Plaintiff also seeks a judicial declaration that the payments applied to his account for services rendered covered the balance owed.

## PARTIES AND SERVICE

2.

Plaintiff is a natural person and is the subject of the dispute complained about herein. Plaintiff is currently a resident of Volusia County, Florida.

3.

Defendant Central Florida Regional Hospital, Inc. (hereinafter "CFRH") is a full-service, level II trauma center specializing in heart care and rehabilitation in the Orlando/Sanford area and is located at 1401 W Seminole Blvd, Sanford, FL 32771.

4.

Defendant CFRH may be served with the Summons and Complaint through its registered agent CT Corporation System located at 1201 Peachtree Street, NE, Atlanta, GA, 30361.

5.

Defendant Transworld Systems, Inc. (hereinafter "Transworld") is a corporation organized and existing under the laws of the state of California and is

engaged in the business of debt collection throughout the United States including

Volusia and Orange County, Florida.

6.

Defendant Transworld may be served with the Summons and Complaint

through its registered agent CT Corporation System located at 1201 Peachtree

Street, NE, Atlanta, GA, 30361.

**SUBJECT MATTER JURISDICTION AND VENUE**

7.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant

to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the

United States.

8.

Pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), venue is proper in this district

because a substantial part of the events or omissions giving rise to the claims

asserted herein occurred within this judicial district, i.e. Volusia and Orange

county, Florida.

**FACTUAL ALLEGATIONS**

9.

Plaintiff has received over two hundred twenty (220) unsolicited debt

collection calls from the Defendants on his cellular telephone number 386-315-

XXXX and 407-800-XXXX in the past 4 years measured from the date of the filing of this complaint.

10.

In or around August 2015 Defendant CFRH began contacting the Plaintiff on his cellular telephone numbers noted above and leaving automated voice mails, also known as robocalls, asking the Plaintiff to contact the hospital regarding his past due account.[1] These phone calls:

    a)      invaded Plaintiff's privacy; and

    b)      intruded upon Plaintiff's peace and solitude;

    c)      caused Plaintiff to suffer annoyance, inconvenience, and aggravation;

    d)      necessitated the hiring of legal counsel and incurring of fees and expenses.

11.

The automated voice mails left by CFRH have continued up to January 2017.

---

[1] A robocall is a phone call that uses a computerized autodialer to deliver a pre-recorded message, as if from a robot. If the call is answered then the person is transferred to a live agent.

12.

In or around August 2016 Plaintiff answered one of the telephone calls on his cellular telephone, after a brief pause he was then transferred to a live agent.

13.

Next, Plaintiff listened to the agent state the call was from Defendant Transworld and the reason for the call was for $150 (approximately) debt owed on a medical bill for a visit to the emergency room at CFRH on May 30th, 2015.

14.

Plaintiff stated he was not paying the purported balance owed because the hospital had already received approximately $12,000 for one short (6 hour) visit to the hospital to treat kidney stones and to stop calling his cellular telephone numbers.

15.

Both Defendants nonetheless continued to call Plaintiff's cellular telephone numbers in an attempt to collect the debt. Said calls:

   a) invaded Plaintiff's privacy; and

   b) intruded upon Plaintiff's peace and solitude;

   c) caused Plaintiff to suffer annoyance, inconvenience, and aggravation; and

d)  necessitated the hiring of legal counsel and incurring of fees and

    expenses.

16.

Plaintiff never supplied his cellular telephone numbers to the original

hospital/creditor CFRH because he was incapacitated at the time of admission and

did not release either cellular telephone number to CFRH at any time during his

stay for treatment.

17.

Plaintiff never gave consent pursuant to the TCPA to be contacted on his

cellular telephone numbers to CFRH.

18.

Plaintiff never gave consent pursuant to the TCPA to be contacted on his

cellular telephone numbers to Transworld.

19.

Approximately 30 calls in violation of the TCPA originated from Defendant

CFRH according to Plaintiff's caller ID.

20.

Approximately 190 calls in violation of the TCPA originated from

Defendant Transworld according to Plaintiff's caller ID.

21.

Before the calls were made, Defendants were aware of the prohibitions on making such a call pursuant to the Telephone Consumer Protection Act.

22.

Nevertheless, Defendants chose to suffer the consequences should the unlawful conduct alleged herein be uncovered due to the fact it is more profitable to not comply with the TCPA because robocalling is an extremely effective tool in the debt collection industry.

23.

The last call to Plaintiff's cellular telephone prior to the filing of this complaint initiated by both Defendants occurred in January, 2017.

24.

Plaintiff was charged for all the telephone calls alleged *supra*.

25.

All the telephone calls alleged *supra* were to Plaintiff's cellular telephone numbers identified above using an automatic telephone dialing system and were made without his prior express consent nor for emergency purposes.

## CLASS ACTION ALLEGATIONS

26.

The named Plaintiff and others similarly situated to him, repeat and reallege the allegations in the preceding paragraphs of this Complaint, and incorporate the same herein by reference as though set forth herein in full.

27.

Plaintiff brings this claim on behalf of a proposed class, consisting of:

All persons from February 6th, 2013 through the date of the Court granting class certification, that were admitted to CFRH and that were then called by Defendant CFRH or Transworld using an automated telephone dialing system without the recipients' prior consent and the calls were not made for emergency purposes.

28.

Plaintiff and all others similarly situated respectfully request the Court enter an injunction Ordering Defendants, consistent with industry standards, to comply with the TCPA and all its regulations.

29.

Excluded from the Class are the Defendants and any entities in which Defendants or their subsidiaries or affiliates have a controlling interest, Defendant's officers, agents and employees, the judicial officer to whom this action is assigned and any member of the Court's staff and immediate families, as well as claims for personal injury, wrongful death, and emotional distress.

30.

Plaintiff seeks class action certification and is authorized to maintain this lawsuit as a class action pursuant to the Federal Rules of Civil Procedure 23(b)(1); 23(b)(2) and 23(b)(3).

31.

The persons included in each Class set out above are so numerous that joinder of all parties is impractical.  Upon information and belief, there are more than one thousand (1,000) members of the proposed class.   More precise information concerning the size and identification of class members will be obtained through discovery and set forth in Plaintiffs subsequent Motion for Class Certification.

32.

The statutory penalty for each violation is set by law at between $500 - $1,500 per violation per class member. Thus, the claim of each potential class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.

33.

The claims of the class representative are typical of the claims of the proposed class. Plaintiff and each of the class members were called by Defendants using an automatic telephone dialing system on their cellular telephone number

without having consented to such action and was not made for emergency purposes.

34.

The questions of law and fact which are common among members of the class. The common issues include:

(a)     whether the unsolicited calls to wrong party class members cellular telephone using an automatic telephone dialing system violated the TCPA;

(b)     whether Defendants acted willfully and award treble damages.

35.

The questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to any other method of fair adjudication of the class presented.

36.

The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class.

-10-

37.

The representative party and their counsel will take those actions necessary to protect the interests of the class members.

38.

Plaintiff has retained counsel with experience in prosecuting complex litigation and consumer protection statutes.

39.

The basis for class certification under Rule 23(b)(1)(A) is that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants.

40.

The basis for class certification under Rule 23(b)(1)(B) is that adjudication with respect to individual members of the class would be, as a practical matter, dispositive of the interests of the other members not parties to the adjudications.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A) (iii) (TCPA)

41.

On at least two hundred twenty (220) separate occasions within the past four (4) years, Defendants willfully and knowingly violated the TCPA by using an

automatic telephone dialing system to contact the Plaintiff on his cellular telephone numbers without his prior express consent and that was not made for emergence purposes.

42.

The Telephone Consumer Protection Act provides for actual damages or $500.00, whichever is greater pursuant to 47 USC 227b(3)(B) and for treble damages for a willful or knowing violation pursuant to 47 USC 227b(3).

43.

As a result of Defendants' violations of the TCPA, Plaintiff is entitled to damages in the amount of $500 per violation or $1,500 for each knowing or willful violation.

44.

As a result of Defendants' violations of the TCPA, Plaintiff is entitled to attorneys' fees and costs.

## COUNT II
## DECLARATORY JUDGMENT

45.

This claim is an action for Declaratory Judgment brought pursuant to the provisions of 28 U .S .C . § 2201 et seq.

46.

An actual controversy exists between the parties in this case in regard to the

telephone calls alleged *supra*.

47.

Plaintiff seeks a judicial declaration that the payments made on his account were sufficient to cover the balance owed to CFRH for the emergency room visit.

48.

Plaintiff and putative class members seek a judicial declaration as to whether calls made by the Defendant violated the TCPA.

## **DEMAND FOR TRIAL BY JURY**

49.

Plaintiff and the putative class members request a trial by jury on all of their claims so triable.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and putative class members and against Defendant for:

a. As to Count I award the sum of $1,500 for the Plaintiff for each knowing or willful violation or in the alternative the sum of $500 for each violation of the TCPA;

b. As to Count II a declaration the purported medical debt had been timely paid and the Defendant violated the TCPA with respect to the Plaintiff and putative class members;

c.  Certify a nationwide class and award the sum of $1,500 for the Plaintiff and each member of the class for each knowing or willful violation or in the alternative the sum of $500 for each violation of the TCPA;

d.  Issue ssue an injunction Ordering defendants to comply with the TCPA and its regulations;

e.  Litigation expenses and costs of suit; and

f.  Such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of February, 2017.

*/s/ Harlan S. Miller*
Harlan S. Miller
Georgia Bar No. 506709
Application for Pro Hac Admission Pending
Miller Legal, P.C.
3646 Vineville Ave.
Macon, GA, 31204
(404) 931-6490
(478) 292-7808 (FAX)
hmiller@millerlegalpc.com
Pro Hac Vice Admission pendin
*/s/ Kenneth D'Apice*
Florida Bar No. 0104206
489 Palm Springs Drive, Suite100
Altamonte Springs, Florida, 32701
(407) 434-1208
Kdapice.law@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 8 th, 2017, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF. I also certify that

the foregoing document is being served this day on all counsel of record or pro se

parties identified on the attached Service List in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some

other authorized manner for those counsel or parties who are not authorized to

receive electronically Notices of Electronic Filing.